■ In the Matter of MICHIGAN MILLERS MUTUAL INSURANCE Co., Appellant, v. MARGARET KRABBELER, Respondent.— In a proceeding to stay arbitration and for other related relief, petitioner appeals from an order of the Supreme Court, Nassau County, dated June 28, 1973, which denied the application. Order reversed, on the law, with $20 costs and disbursements, and petition granted to the extent that the arbitration is stayed, unless respondent serves and files in the office of the court in Nassau County a stipulation to the effect that the total present value of her claim for medical payments is the sum of $1,858, the amount heretofore allowed by the workmen's compensation carrier, and that, in the event of a future medical payments claim related to the personal injuries resulting from the accident, such medical payments shall be payable to petitioner in further reduction of the amounts specified in subdivision (b) of condition 5 of the "uninsured endorsement" on respondent's automobile insurance policy issued by petitioner. The stipulation must be served and filed within 20 days after entry of the order to be entered hereon. We deem the following statements in the affirmation of respondent's attorney at Special Term: "To the best of deponent's knowledge the claims for Workman's Compensation have been closed" and "At this time the Respondent is back working and earning a salary equivalent to that earned at the time of the accident. She has no further claims at this time for Workman's Compensation" to be an inadequate substitute for a positive assurance from respondent personally that, in the event she is obliged to reassert her workmen's compensation claim for injuries related to the accident, any further amounts received by her for medical payments shall be applied pursuant to the conditions set forth in the above-mentioned "uninsured endorsement". However, we see no merit to petitioner's contention that Special Term should have made a direction striking from the demand for arbitration a claim of $2,000 for medical payments. In our opinion the standard provision for medical payments contained in the automobile liability policy, up to the limit of $2,000, exists independently from the "uninsured endorsement" attached to the policy (*Matter of Knickerbocker Ins. Co.* [*Faison*], 22 N Y 2d 554, cert. den. 393 U. S. 1055). An additional premium was paid by respondent for such specific medical payments coverage and she is entitled, absent any specific exclusion, to reimbursement for medical payments expended. Shapiro, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.